**Arnulfo MIELES, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 774, Docket 89–2353.**

United States Court of Appeals, Second Circuit.

Argued Feb. 5, 1990.

Decided Feb. 6, 1990.

Arnulfo Mieles, Danbury, Conn., pro se.

Mark J. Stein, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., Daniel A. Nardello, Asst. U.S. Atty., New York City, on the brief), for defendant-appellee.

Before NEWMAN and ALTIMARI, Circuit Judges, and CONBOY, District Judge.[*]

JON O. NEWMAN, Circuit Judge:

Arnulfo Mieles appeals *pro se* from the May 25, 1989, order of the District Court for the Southern District of New York (Peter K. Leisure, Judge) denying his motion under 28 U.S.C. § 2255 (1982) to vacate his sentence. His sole contention is that the District Court should have credited against his sentence the time during which he was released on bail prior to conviction and sentencing. Since this claim is without merit, we affirm.

Following his arrest for conspiracy to distribute cocaine, Mieles was detained for six days pending a detention hearing and then released on bond. He ultimately pled guilty to the conspiracy charge and was sentence to two years' imprisonment. After imposition of sentence, he was remanded to custody. Mieles then filed his section 2255 motion to have the sentence adjusted to reflect credit for the time spent on pretrial release. He does not dispute that he has received credit for the days spent in pretrial detention.

* The Honorable Kenneth Conboy of the District Court for the Southern District of New York, sitting by designation.

The pertinent statute provides that the Attorney General shall give a federal prisoner "credit toward service of his sentence for any days spent *in custody* in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568 (1982) (emphasis added) (current version at 18 U.S.C. § 3585(b) (1988), using phrase "in official detention"). Though the issue has not previously been adjudicated by this Court, all of the circuits that have considered the matter have concluded that "custody" for purposes of section 3568 means physical confinement and does not include time spent while released on bail pending trial, *see United States v. Figueroa*, 828 F.2d 70, 70–71 (1st Cir.1987); *Marrera v. Edwards*, 812 F.2d 1517 (6th Cir. 1987); *Villaume v. United States Dep't of Justice*, 804 F.2d 498, 499 (8th Cir.1986), *cert. denied*, 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987); *United States v. Golden*, 795 F.2d 19, 21 (3d Cir.1986); *Ortega v. United States*, 510 F.2d 412, 413 (10th Cir.1975); *United States v. Peterson*, 507 F.2d 1191, 1192 (D.C.Cir.1974); *Polakoff v. United States*, 489 F.2d 727, 730 (5th Cir.1974), or pending appeal, *United States v. Robles*, 563 F.2d 1308, 1309 (9th Cir.1977), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). We agree with these courts that jail-time credit under section 3568 requires physical confinement.

*Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), on which appellant relies, ruled that a person on pretrial release was nevertheless "in custody" for purposes of the federal habeas corpus statute, 28 U.S.C. § 2241 (1982). The fact that conditions of pre-trial release have been deemed sufficiently restrictive to permit invocation of the habeas corpus remedy does not mean that such conditions are sufficiently equivalent to service of a sentence to warrant credit under section 3568. This is not the first instance where the same phrase in different statutes has different meanings, depending on the purposes of the statutes. Appellant also relies on *United States ex rel. Binion v. O'Brien*, 273 F.2d 495 (3d Cir.1959), *cert. denied*, 363 U.S. 812, 80 S.Ct. 1249, 4 L.Ed.2d 1154 (1960), where a prisoner who had begun service of his sentence was released on bail pending Supreme Court consideration of his section 2255 motion. The Third Circuit viewed the circumstances of his release as "parole de facto" and granted him credit against his sentence under section 3568 for the time on release. Whether or not we would agree with *Binion*, we would not find that decision applicable to Mieles, who is seeking credit for time spent on pretrial release, prior to starting service of his sentence.

Since we agree that there was no infirmity in Mieles' sentence and that the motion to vacate was properly denied, we need not decide whether an error in sentence computation that requires correction is a matter for the sentencing court under section 2255, *see Sobell v. Attorney General*, 400 F.2d 986, 988 (3d Cir.), *cert. denied*, 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277 (1968), or for the district court in the district of confinement under section 2241, *see Satterly v. United States*, 314 F.Supp. 167 (E.D.Tenn.1970).

The order of the District Court is affirmed.