UNITED STATES

v.

Abdul Aziz KAKAR, Petitioner.

No. 88 Crim. 217 (JES).

United States District Court,
S.D. New York.

Sept. 25, 1990.

Otto G. Obermaier, U.S. Atty., S.D.N.Y.,
New York City, for U.S., Alfred U. Pavlis,
Asst. U.S. Atty., of counsel.

Abdul Aziz Kakar, pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Petitioner in the above-captioned action applied to this court requesting credit towards his sentence for the period of time prior to his guilty plea that he was under house arrest. The Government opposed this application on the ground that this Court lacks jurisdiction.[1] For the reasons that follow, the petition is dismissed.

### BACKGROUND

On July 26, 1989, this Court sentenced the petitioner to a five-year term of imprisonment after petitioner entered a guilty plea to the charge of conspiracy to violate the narcotics laws under 21 U.S.C. § 846. The petitioner was committed to the Federal Correctional Institute, Ashland, Kentucky on October 25, 1989. The petitioner now seeks review of the calculations involving his prison term and alleges that he is entitled to forty-eight days credit towards his sentence to reflect the period of time prior to his guilty plea that he was under house arrest.

### DISCUSSION

The Attorney General is responsible for calculating credit given to prisoners for time spent in custody prior to the commencement of the imposed sentence. 18

---

1. The Government also opposed this application on the ground that petitioner is not entitled to this credit because he was not "in custody" within the meaning of 18 U.S.C. § 3568. "In custody", the Government argues, has been held to mean physical confinement and does not include time spent while released on bail pending trial. *Mieles v. United States,* 895 F.2d 887,

888 (2d Cir.1990). Since house arrest has been defined as a form of conditional pre-trial release, *see United States v. Traitz,* 807 F.2d 322 (3d Cir.1986), petitioner would not be within the meaning of "in custody" under section 3568. Since the Court must dismiss this petition for lack of jurisdiction, this issue need not be addressed.

U.S.C. § 3585(b).[2] A prisoner's sentence, however, cannot be reviewed under 28 U.S.C. § 2255 because the sentencing court has jurisdiction under this section only to hear motions challenging the imposition of a sentence and not its execution. *Dioguardi v. United States*, 587 F.2d 572, 573 (2d Cir.1978). The petitioner here is not challenging the constitutionality of the sentence as imposed, but rather is objecting to the date the sentence began to run. A claim for credit against the sentence attacks the computation and execution of the sentence rather than the sentence itself. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir.1985); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir.1989).

Claims for pre-sentence credit must be made by a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and must be brought in the district in which the petitioner is confined or where his custodian is located. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir.1985); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Since petitioner in this action is incarcerated in Ashland, Kentucky, judicial review must be sought in that district.

### CONCLUSION

Accordingly, the above-captioned action for credit for pre-trial house arrest is dismissed.

It is SO ORDERED.

---

**2.** Section 3585(b) is the current version of this provision. This section uses the phrase "in official detention" and is applicable to offenses committed after November 1, 1987. Since the offense in this case was committed on October 1, 1987, section 3568 which uses the term "in custody" would apply.