**UNITED STATES of America,
Plaintiff–Appellee,**

*v.*

**Lisa INSLEY, Defendant–Appellant.**

No. 90–7324.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 7, 1990.

Decided March 7, 1991.

Bruce Alfred Byrholdt, argued, Chapman, King & Byrholdt, Anderson, S.C., for defendant-appellant.

William Corley Lucius, Asst. U.S. Atty., argued (E. Bart Daniel, U.S. Atty., on brief), Greenville, S.C., for plaintiff-appellee.

Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.

WILKINSON, Circuit Judge:

Appellant Lisa Insley argues that the district court erred in denying her credit for time served while she was released on appeal bond. Because we agree with the district court that the conditions imposed on Insley pursuant to her appeal bond did not constitute "official detention" under 18 U.S.C. § 3585(b), we affirm its judgment.

I.

Following her conviction for conspiracy to possess with intent to distribute heroin (21 U.S.C. § 846) and for use of the tele-

phone to facilitate the conspiracy (21 U.S.C. § 843(b)), Lisa Insley was sentenced to twenty-one months imprisonment. On April 18, 1989, Insley was released on appeal bond subject to certain conditions. Insley was required to: 1) seek employment, 2) reside in Virginia with her parents and leave the residence only to seek employment or to travel to work or church, 3) report to the United States Probation Office on a regular basis, 4) be in her residence by 9:00 p.m., 5) execute a bond, 6) be electronically monitored under the direction of the United States Probation Office at her own expense, 7) submit to random drug testing, and 8) stay in touch with her South Carolina attorney.

On February 26, 1990, this court affirmed Insley's conviction. 898 F.2d 148. Insley reported to prison on May 9, 1990.

Insley moved under 18 U.S.C. § 3585(b) for credit against her sentence for the time spent on appeal bond between April 18, 1989 and May 9, 1990. The district court denied the motion for credit. This appeal followed.

## II.

Section 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b) (1982 & Supp. IV 1986).

Insley argues that she should be given credit for the time spent on appeal bond because the conditions of her appeal bond were so restrictive that they constituted "official detention" within the meaning of § 3585(b).

We disagree. Conditions of release are not custody. "For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *United States v. Woods*, 888 F.2d 653, 655 (10th Cir.1989) (no credit under § 3585 for time spent at halfway house as condition of release). The conditions of release to which Insley was subjected did not rise to the level of physical incarceration.

In thus holding, we are in agreement with the vast weight of authority interpreting § 3568 *—the predecessor statute to § 3585—as well as the authority interpreting § 3585 itself. Though § 3568 used the word "custody" instead of "official detention," there is "nothing in the language of 18 U.S.C. § 3585 itself or its legislative history to indicate a departure from the precedents decided under the predecessor statute." *Woods*, 888 F.2d at 655 (citing S.Rep. No. 225, 98th Cong., 2nd Sess. 128–129 *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3311–12.).

Most cases interpreting § 3568 have denied credit for conditions of release; many have held that "custody" contemplated physical incarceration or confinement. *See United States v. Freeman*, 922 F.2d 1393, 1397 (9th Cir.1991) ("Congress simply has not granted credit for pretrial probation or release on bond pending appeal."); *Mieles v. United States*, 895 F.2d 887, 888 (2d Cir.1990) ("jail-time credit under section 3568 requires physical confinement"); *United States v. Carlson*, 886 F.2d 166, 167 (8th Cir.1989) (no credit for time released on restricted bond); *Ramsey v. Brennan*, 878 F.2d 995, 996 (7th Cir.1989) (no credit for time spent in a halfway house); *United States v. Smith*, 869 F.2d 835, 837 (5th Cir.1989) (no credit for time

---

* Section 3568 applies to defendants accused of committing crimes before November 1, 1987—the effective date of § 3585. The government does not challenge Insley's assertion that § 3585 applies to her case. In any case, whether § 3585 or § 3568 is applied, the outcome is the same.

spent released on restricted bond or in half-way house); *United States v. Figueroa*, 828 F.2d 70, 71 (1st Cir.1987) ("'custody' means 'imprisonment' or some comparable institutional 'confinement'"); *Marrera v. Edwards*, 812 F.2d 1517 (6th Cir.1987) ("custody" requires physical incarceration); *United States v. Golden*, 795 F.2d 19, 21 (3d Cir.1986) ("custody has been defined as actual incarceration" and district court not required to equate life in Witness Protection Program with incarceration); *Ortega v. United States*, 510 F.2d 412, 413 (10th Cir.1975) (custody relates to "actual custodial incarceration"); *United States v. Peterson*, 507 F.2d 1191, 1192 (D.C.Cir.1974) ("'in custody' ... means detention or imprisonment in a place of confinement"); *United States v. Rouco*, 738 F.Supp. 172, 174 (W.D.N.C.1990) (§ 3568 inapplicable unless person "has been incarcerated in an 'official detention facility.'").

We do not adopt the approach of those courts which have granted credit for time spent out of jail. Their decisions are of no use to Insley in any event because they involved conditions more restrictive than the conditions of Insley's appeal bond. *See Brown v. Rison*, 895 F.2d 533, 536 (9th Cir.1990) (credit given for time spent at residential community treatment center); *Johnson v. Smith*, 696 F.2d 1334 (11th Cir.1983) (credit for time spent in federal community treatment center). In these cases, the defendant was required to reside at a community treatment center. Insley, by contrast, was allowed to reside at her parents' home. Moreover, these cases are themselves in conflict with three circuits which have denied credit for time spent in a halfway house. *See Ramsey*, 878 F.2d at 996–97 (rejecting *Johnson*); *Woods*, 888 F.2d at 656 (finding *Johnson* inapposite); *Smith*, 869 F.2d at 837.

Finally, Insley attempts to establish a broad definition of "official detention" by relying on definitions of "custody" and "home detention" from other contexts. First, Insley cites *United States ex rel. Sadness v. Wilkins*, 312 F.2d 559, 560 (2d Cir.1963), which defines "custody" for purposes of federal habeas corpus jurisdiction. Second, she points to the application notes to § 5F1.2 of the United States Sentencing Guidelines—a provision directing that home detention may be imposed as a condition of probation or supervised release. The application notes to § 5F1.2 explain that "'[h]ome detention' means a program of confinement and supervision that restricts the defendant to his place of residence...." Because neither *Sadness* nor § 5F1.2 addresses the issue of credit for time served, both are simply inapposite to the matter at issue here. *See, e.g., Woods*, 888 F.2d at 655 (definition of custody for purposes of habeas corpus "has never been extended to prisoners seeking credit for pre-sentence detention.").

### III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.