**UNITED STATES of America**

v.

**Jose DOMINGUEZ.**

**No. 90 CR 379.**

United States District Court, N.D. Illinois.

July 1, 1991.

See also 131 F.R.D. 556.

Fred Foreman, U.S. Atty. by Joshua T. Buchman, Asst. U.S. Atty., Chicago, Ill., for U.S.

Jose Dominguez, pro se.

### ORDER

BUA, District Judge.

Petitioner Jose Dominguez seeks credit toward his term of imprisonment for time he characterizes as "time spent in constructive custody." Essentially, he is requesting credit for time he spent released on bond. Petitioner argues that he should receive credit for this time as it was served under "highly restrictive bail requirements." For the reasons stated below, the court denies petitioner's motion.

Under 18 U.S.C. § 3585(b) which has replaced 18 U.S.C. § 3568, credit for prior custody shall be granted where defendant has spent time in *official detention* prior to the date his sentence commences. In no way can petitioner's release on bail be considered official detention. First, he was able to live at home during his release on bond. He was subject to some bail conditions, but these conditions can more rightly be considered lenient than restrictive. Petitioner was merely required to report once weekly by phone and once weekly in person to the Pretrial Services Office. Pretrial Services reports that petitioner's in-person visits only lasted for approximately five minutes and his phone calls for a few minutes. And, although petitioner experienced restrictions on travel outside the Northern District, he was not restricted in any way in his travel within the district.

Credit for time served prior to custody has been denied in situations with bail restrictions far more severe than those imposed on petitioner. The Seventh Circuit in *Ramsey v. Brennan*, 878 F.2d 995, 996 (7th Cir.1989), refused to credit an inmate for time served in a halfway house even though the inmate was confined to the residential center every night. In *United States v. Insley*, 927 F.2d 185 (4th Cir. 1991), a defendant was released on bond subject to conditions that she remain at her parents' residence unless seeking employment, travelling to work or travelling to church; be in her residence by 9:00 p.m.; be subject to electronic monitoring; report to the probation office on a regular basis; and submit to random drug-testing. The court denied her petition for credit for this time stating that "[c]onditions of release are not custody." *Id.* at 186. *See also United States v. Browning*, 761 F.Supp. 681 (C.D.Cal.1991) (defendant confined to residence and electronically monitored during bail denied credit for time served).

Accordingly, the court declines to give petitioner credit for time he served while released on bail.

IT IS SO ORDERED.