UNITED STATES of America, Plaintiff,

v.

Kenneth Thomas HAYWARD, Defendant.

No. 91 CR 25–1.

United States District Court, N.D. Illinois, E.D.

July 18, 1991.

Fred Foreman, U.S. Atty. by Stephen P. Sinnott, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

George P. Lynch, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

On June 10, 1991, a jury found defendant Kenneth Thomas Hayward guilty of violating 18 U.S.C. § 241, 42 U.S.C. § 3631(b), and 18 U.S.C. § 844(h)(1). Immediately after the verdict, the government moved to detain defendant Hayward pending sentencing. The court now grants the government's motion.

■ Under 18 U.S.C. § 3143(a)(2), a person who has been found guilty of a crime of violence and is awaiting imposition of sentence shall be detained unless the judge finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted *and* the judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.[1] Here, the

court need not address the second prong of the test since it finds that the first prong has not been established.

Although the court has not as of this date considered defendant's post-trial motion, Hayward indicates that he will argue that his use of fire in this case was expressive conduct protected by the First Amendment. The court cannot find that there is a substantial likelihood that this argument will lead to an acquittal or a new trial.

Hayward faces the difficulty of translating his premise into an argument which would call into question his conviction. While the Supreme Court has granted certiorari in *R.A.V. v. St. Paul, Minnesota,* —— U.S. ——, 111 S.Ct. 2795, 115 L.Ed.2d 969 (1991), a determination that the ordinance at issue in that case is overbroad will not necessarily decide (as defendant seems to suggest) that cross-burning is constitutionally protected activity. Even if that were the outcome, Hayward would still be required to show that *his* cross-burning was expressive conduct. He would also need to establish that the federal statutes he was found to have violated unconstitutionally regulated his expressive conduct. That showing would be impeded by a recent case, *United States v. Lee,* 935 F.2d 952, 955–56 (8th Cir.1991), in which the Eighth Circuit found that 18 U.S.C. § 241 is a content neutral statute that imposes sufficiently justified regulations on conduct. For these reasons, the court finds that the "substantial likelihood" element of the test simply does not exist. Accordingly, the government's motion to detain Hayward is granted.

■ In addition, Hayward mentions in his brief that he will be eligible to receive credit for the time he has spent in "house arrest." Regardless of his restrictions, Hayward has still been out on bond. His bail restrictions can in no way be considered the "official detention" necessary to be credited with time served. *See United States v. Dominguez,* 766 F.Supp. 669

---

**1.** The offenses of which Hayward was convicted can be considered crimes of violence as defined in 18 U.S.C. § 3156(a)(4). The alternative basis for release outlined in § 3143(a)(2) does not

apply here since the government has indicated that it intends to seek a sentence of imprisonment.

(N.D.Ill.1991). Therefore, Hayward will receive no credit for the period he was released on bond.

IT IS SO ORDERED.