**UNITED STATES of America,**

v.

**Martin ROMAN, Defendant.**

**No. S 86 CR. 388 (PKL).**

United States District Court,
S.D. New York.

Aug. 29, 1991.

Martin Roman, pro se.

Michele Hirshman, Asst. U.S. Atty., for U.S.

### ORDER

LEISURE, District Judge:

Defendant Martin Roman *pro se* moves under Fed.R.Crim.P. 35 and 36, and 28 U.S.C. § 2255, for "an order allowing him credit on his sentence for that time spent on bail from the time of his arrest on April 22, 1986 until May 3, 1988, the date of his post conviction imprisonment." Roman previously moved, while represented by counsel, to reduce his sentence pursuant to Rule 35, but made no mention of his present grounds for seeking relief. His prior Rule 35 motion was denied by this Court by order dated February 1, 1990. Nor did he raise this issue when appealing this Court's judgment and sentence, following his conviction for conspiracy to distribute and to possess with intent to distribute heroin (count 1); engaging in a continuing criminal enterprise (count 2); and six counts of distributing heroin within 1,000 feet of a public school (counts 3–8). Roman was sentenced to concurrent prison terms of 15 years on each count; to consecutive special parole terms of six years on

counts 3, 4 and 5; and to consecutive special parole terms of six years on counts 6, 7 and 8, to be served concurrently with the special parole terms on counts 3, 4 and 5. The Court of Appeals for the Second Circuit affirmed the judgment of conviction in all respects, except that it vacated and remanded for entry of a new judgment combining the convictions on counts 1 (conspiracy) and 2 (continuing criminal enterprise). *United States v. Roman*, 870 F.2d 65 (2d Cir.), *cert. denied*, 490 U.S. 1109, 109 S.Ct. 3164, 104 L.Ed.2d 1026 (1989). Accordingly, defendant was resentenced on May 18, 1989 in conformity with the Second Circuit's remand, and an amended judgment was duly filed.

In support of his present motion seeking credit on his sentence for his time on bail, when he was not physically confined in jail, Roman contends "that many of the conditions of his release to custody on bail were in fact more onerous than those imposed on parolees and probationers.... These and other restraints on his liberty served to place him in constant jeopardy of additional prosecution and loss of funds in the event of any transgression." Defendant's Memorandum in Support of Motion, dated June 10, 1991, at 4.

### BACKGROUND INFORMATION

Defendant was arrested on April 22, 1986, and released on May 5, 1986, pursuant to a $300,000 personal recognizance bond, secured by a $30,000 deposit and deeds to certain property in the New York area. The initial indictment was filed on May 6, 1986; and a superseding indictment was filed on September 5, 1986, including for the first time the continuing criminal enterprise count. Defendant's original reporting conditions were as follows: reporting to Pretrial Services Agency in person on Mondays and by telephone twice a week. On October 7, 1987, this Court granted defendant's motion to modify his bail release conditions, to one telephone call per week and one monthly visit in person.

The delay in defendant's trial was occasioned by pretrial motion practice and ensuing litigation in the trial and appellate courts. More specifically, on November 13, 1986, this Court granted defendant's motion, dismissing the continuing criminal conspiracy count in the superseding indictment. *United States v. Roman*, 646 F.Supp. 1568 (S.D.N.Y.1986). Thereafter, the Second Circuit reversed this Court's decision and remanded for further proceedings. *United States v. Roman*, 822 F.2d 261 (2d Cir.), *cert. denied*, 484 U.S. 954, 108 S.Ct. 347, 98 L.Ed.2d 373 (1987). Following defendant's trial and conviction, he was remanded on May 3, 1988, nearly two years after his original release on the bail bond.

### DISCUSSION

At the outset, the Court notes that "[i]t is well established that a motion under Rule 35 can only be used to correct an illegal sentence, and not to correct trial errors or errors in other pre-sentencing proceedings." *United States v. Schiff*, 876 F.2d 272, 274 (2d Cir.1989). There is no basis for a claim that defendant's sentence was illegal, and his motion could be denied on this ground alone.[1] To the extent defendant seeks his relief under § 2255, the Second Circuit recently noted *in dictum* that "§ 2255 relief will rarely be granted as to matters available for review where a conviction has been upheld on appeal...." *United States v. Gelb*, 944 F.2d 52, 54 (2d Cir.1991).[2] Moreover, this Court has recently held in *United States v. Kakar*, 746

---

**1.** Moreover, defendant's motion could be defeated for his failure to exhaust administrative remedies before proceeding in this Court. "Where a petitioner has neither shown nor even alleged that prison authorities had ruled on his application for credit for time served prior to filing a § 3568 motion, the district court may not review it." *United States v. Phillips* (E.D.N.Y.1987) (available on WESTLAW, 1987 WL 30205); *see Cochran v. United States*, 489 F.2d 691, 692 (5th Cir.1974); *United States v.*

*Carmen*, 479 F.Supp. 1, 2 (E.D.Tenn.), *aff'd*, 601 F.2d 587 (6th Cir.1979).

**2.** It is small comfort to Roman that the *Gelb* Court holds that "in the context of a motion under former rule 35, ... a criminal defendant's election not to raise sentencing issues in a prior direct appeal does not constitute a waiver," *id.* at 55, since this conclusion necessarily presupposes a Rule 35 motion brought on sufficient grounds in the first instance. Nor was *Gelb*

F.Supp. 369 (S.D.N.Y.1990) (Sprizzo, J.), as follows:

> A prisoner's sentence, however, cannot be reviewed under 28 U.S.C. § 2255 because the sentencing court has jurisdiction under this section only to hear motions challenging the imposition of a sentence and not its execution. The petitioner here is not challenging the constitutionality of the sentence as imposed, but rather is objecting to the date the sentence began to run. A claim for credit against the sentence attacks the computation and execution of the sentence rather than the sentence itself.
>
> Claims for pre-sentence credit must be made by a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and must be brought in the district in which the petitioner is confined or where his custodian is located.

*Id.* at 370 (citations omitted). The Second Circuit found it unnecessary to reach this consideration in *Mieles v. United States*, 895 F.2d 887, 888 (2d Cir.1990), since the Court of Appeals disposed of petitioner's application in that case for the very same reasons discussed below.

Roman is incarcerated in the Correctional Institution at Ray Brook, New York, located in the Northern District of New York; thus it is the teaching of Judge Sprizzo in *Kakar* that a properly drafted petition for judicial review should have been sought in that district pursuant to § 2241. Defendant's final basis for his motion is under Rule 36, which is unrelated to the present consideration since it pertains to clerical mistakes, having no bearing on the relief sought herein.

Despite these obvious deficiencies in Roman's motion, the Court reaches the merits of his application to avoid further litigation in this matter. The government points out that the plain language of the applicable statutory frame does not authorize the award of credit toward his sentence for his time spent on bail, as follows:

> This letter is respectfully submitted in opposition to Martin Roman's motion to be given credit toward his prison sentence for time he spent at liberty while on bail awaiting trial. Section 3585(a) of Title 18 specifically provides in relevant part that "[a] sentence to a term of imprisonment commences on the date the defendant is received *in custody* awaiting transportation to ... the official detention facility." (emphasis added). It further provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention.*" 18 U.S.C. § 3585(b) (emphasis added). The statute does not authorize the award of credit toward service of a prison term for time spent on bail while awaiting trial, regardless of the fact the [sic] one's liberty is somewhat restricted during that time.

Letter dated July 26, 1991, from Assistant United States Attorney Michele Hirshman ("AUSA Hirshman") to the Court, at 1 (emphasis in original).[3]

The government's conclusions were embraced by the Second Circuit in a decision disposing of the specific issue raised by Roman in the instant motion. The Second Circuit joined the overwhelming weight of authority, holding that "jail-time credit under section 3568 requires *physical confinement.*" *Mieles v. United States, supra,* 895 F.2d at 888 (emphasis added). In finding that a defendant cannot adjust his sentence to reflect credit for the time spent on pretrial release, Judge Newman discussed and distinguished most of the case authori-

---

decided in the context of a second frivolous Rule 35 motion by a defendant, as in the present case.

**3.** The government has submitted documentary proof that Roman has already received full and complete jail credit for the period from April 22, 1986 to May 5, 1986, when he was actually in custody, prior to his release on bail. *See* 3–page computer printout of defendant's sentence computation data from Bureau of Prisons annexed to letter dated August 6, 1991, from AUSA Hirshman to the Court. Thus, the only time remaining at issue is the period from May 5, 1986 (when he was released on bond) to May 3, 1988 (when he was remanded following his conviction).

**232**

ties relied upon by Roman in the instant motion. *Id.*

Finally, this Court finds that the conditions of Roman's bail release were not so restrictive as to constitute "official detention" within the meaning of § 3585(b). Even where such conditions are more onerous than the ones imposed on Roman, the courts have not hesitated to deny such applications. *See, e.g., United States v. Insley*, 927 F.2d 185 (4th Cir.1991) (defendant not given credit for time spent out on her appeal bond, which required, *inter alia*, conditions that she reside in Virginia with her parents and leave their residence only to seek employment or travel to work or church, and that she be electronically monitored under direction of U.S. Probation Office at her own expense). The *Insley* court held that conditions of release are not custody. *Id.* at 186.

Defendant Martin Roman's motion is therefore denied in all respects.

SO ORDERED.