Glenn RONCHETTI, Petitioner,

v.

Carolyn V. RICKARDS, Warden, F.C.I. Morgantown, West Virginia, Respondent.

Misc. No. 92–0034–E.

United States District Court, N.D. West Virginia, Elkins Division.

April 27, 1992.

Glenn Ronchetti, pro se.

Pat Flatley, Asst. U.S. Atty., Wheeling, W.Va., for respondent.

## ORDER

MAXWELL, Chief Judge.

Petitioner, a federal prisoner proceeding *pro se*, initiated the above-styled habeas corpus action pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, the court which sentenced Petitioner to federal prison. Because Petitioner is currently incarcerated in F.C.I. Morgantown, WV, which is located within the Northern District of West Virginia, the sentencing court transferred this matter to this Court. Respondent has submitted a response to the issues raised in the petition, and the Court is satisfied that this habeas corpus action is ripe for disposition.

Petitioner seeks to have eighty-six (86) days spent in a drug treatment program prior to sentencing credited toward his present sentence. The asserted basis for the argument is 18 U.S.C. § 3585(b), which provides that an inmate may receive credit for time spent in official detention prior to sentencing, provided that such time has not been otherwise credited toward a sentence. Petitioner also references the decision in *Brown v. Rison*, 895 F.2d 533 (9th Cir. 1990), which held that § 3585(b) applies to presentencing treatment in a drug rehabilitation program. Finally, Petitioner notes that the phrase "in custody" in the context of a habeas corpus challenge to the propriety of possible future confinement has been given an expansive interpretation by the United States Supreme Court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89, 93 S.Ct. 1123, 1126–27, 35 L.Ed.2d 443 (1973).

The *Brown* decision has been explicitly rejected by the United States Court of Appeals for the Fourth Circuit, the appellate court for this district. In *United States v. Insley*, 927 F.2d 185 (4th Cir.1991), credit was denied for the period during release on an appeal bond, despite the existence of considerable restrictions on the defendant's liberty. The Fourth Circuit noted that the majority view rejects claims such as Petitioner's, and held, "We do not adopt the approach of those courts which have granted credit for time spent out of jail.... *See Brown v. Rison*, 895 F.2d 533, 536 (9th Cir.1990)...." *Id.* at 187. The court also refused to broadly define "official detention" on the basis of broad definition of "custody" in the context of federal habeas corpus jurisdiction. *Id.* (citing *United States ex rel. Sadness v. Wilkins*, 312 F.2d 559, 560 (2d Cir.1963)).

This Court is convinced that the controlling authority for the present action is the decision in *Randall v. Whelan*, 938 F.2d 522 (4th Cir.1991). There:

The court released Randall [the defendant] on a partially-secured bond and entered an order placing him in the custody of the Pretrial Services Agency. Under the terms of the order, Randall was confined to the premises of Second Genesis ['an intensive residential rehabilitation and counseling center'] at all times except for required court appearances and meetings with counsel.

*Id.* at 523. The defendant subsequently sought credit for the time spent in the treatment center under 18 U.S.C. § 3568, the predecessor of § 3585.[1] *Id.* at 523–24.

The court in *Randall* held that the *Insley* decision was directly on point and held that conditions of release imposed outside of a penal environment do not constitute "custody" or "official detention." *Id.* at 524 (citing *Insley,* 927 F.2d at 187). The argument that restrictive conditions or actual physical constraints could rise to the level of "custody" was rejected. *Id.* at 524–25. Finally, the Fourth Circuit denied that release by court order constituted "custody." Rejecting the equation of "custody" with "degree of restraint", it was held that "custody" instead refers to the legal authority of the guardian. *Id.* at 525. Release on bond into the care of a treatment center did not subject Petitioner to the legal authority of the United States Attorney General, which is a prerequisite to a finding of "custody" or "official detention." *Id.*

In light of the clear mandate of *Insley* and *Randall,* as well as the factual similarity of Petitioner's situation to that presented in the *Randall* decision, it is clear that Petitioner is not entitled to credit for the time spent in the drug rehabilitation program. Accordingly, it is

ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and the same is hereby, DENIED with prejudice and that the above-styled action be STRICKEN from the docket of this Court.

---

1. The court stated, "The new provision refers to 'official detention' rather than to 'custody', but as we noted in *Insley,* nothing in its legislative

If Petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of Court within thirty (30) days from the date of the entry of the Judgment Order pursuant to Rule 4, Federal Rules of Appellate Procedure. This document should be submitted in duplicate.

history indicates a departure from the precedent decided under Section 3586. 927 F.2d at 186."