966 F.2d 1446
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lucian WALKER, JR., Defendant-Appellant.
 No. 91-7370.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 10, 1992
Decided: June 12, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-90-190-2, CA-91-1104-2)
 Lucian Walker, Jr., Appellant Pro Se.
 Paul Thomas Farrell, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before HALL and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lucian Walker, Jr., filed a 28 U.S.C. § 2255 (1988) motion seeking credit on his sentence for time he spent out on bond.[1] The district court denied the petition finding that time spent on bond is not "official detention" within the meaning of 18 U.S.C.s 3585(b) (1988). Because we find that the district court did not have authority to decide this claim, we vacate and remand with instructions to dismiss the motion.
 
 
 2
 Challenges to the computation of a sentence must be brought in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Because Walker is not confined in the district where he filed his motion, the district court did not have jurisdiction to adjudicate the claim. In addition, Walker has not administratively exhausted his claim. See Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985) (administrative exhaustion required prior to filing of § 2241 challenge in district court); see also United States v. Wilson, 60 U.S.L.W. 4244 (U.S. 1992) (initial determination of whether credit applicable under § 3585(b) must be made by Attorney General). Thus, the district court's consideration of the case was premature.[2]
 
 
 3
 In conclusion, we vacate the district court's denial of Walker's motion and remand with instructions to dismiss the petition without prejudice for lack of jurisdiction and failure to exhaust administrative remedies.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 4
 FN1 Because § 2255 is not applicable to attacks on the execution of a sentence, Walker's claim will be construed as a 28 U.S.C. § 2241 (1988) claim.
 
 
 5
 FN2 We note that even if we were to reach the merits of Walker's motion, we would agree with the district court's decision. See United States v. Insley, 927 F.2d 185 (4th Cir. 1991).
 
 
 6
 FN3 We also deny the Government's Motion to Dismiss the Appeal. See Habeas Rule 11, 28 U.S.C. foll. § 2255.