Alonzo J. TINSLEY, Petitioner,

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent.

No. 92 CIV. 3952 (KMW).

United States District Court,
S.D. New York.

Oct. 27, 1992.

Alonzo J. Tinsley, pro se.

Serene K. Nakano, Asst. U.S. Atty., New York City, for respondent.

## ORDER

KIMBA M. WOOD, District Judge.

In a Report and Recommendation filed September 23, 1992, Magistrate Judge Gru-

bin recommended that I dismiss this petition. In conformity with *Small v. Secretary of Health and Human Services,* 892 F.2d 15, 16 (2d Cir.1989), the Magistrate Judge's Report explicitly cautioned that failure to file timely objections could constitute a waiver of those objections. No objections have been received. I therefore accept and adopt the Magistrate Judge's recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (failure to file timely objections constitutes waiver of objections, and district court review not required); *cf. Small,* 892 F.2d 15 (*Arn* applies even to *pro se* litigants where Report contains proper cautionary language).

SO ORDERED.

### REPORT AND RECOMMENDATION TO THE HONORABLE KIMBA M. WOOD

GRUBIN, United States Magistrate Judge:

Petitioner *pro se* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that the 271 days of his presentence release under a bail bond must be credited to his sentence under 18 U.S.C. § 3585(b). As explained below, this claim is without merit, and the petition should therefore be dismissed.[1]

On April 7, 1989 (one month after his arrest), petitioner was released on a $500,-000 personal recognizance bond. *See* 18 U.S.C. § 3142. On September 27, 1989, he pleaded guilty to three counts of bank fraud, *see* 18 U.S.C. § 1344, and on December 20, 1989 Judge Shirley Wohl Kram of this court sentenced him to 37 months in the custody of the Bureau of Prisons, restitution of $1,693,106.96, an assessment of $100.00, and two years' supervised release. Petitioner was continued on bond until January 3, 1990, when he reported to the United States Marshals Service and began serving his sentence. On August 7, 1992, he was released from a halfway house and began his period of supervised release. Petitioner now seeks that his time on supervised release be reduced by the time he spent on release prior to the commencement of his custodial sentence.

Section 3585(b) of Title 18 provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C.A. § 3585(b) (West 1985). Petitioner's claim that he must be given 271 days' credit under § 3585(b) is without merit because time spent while released on bond pending trial or sentence is not time spent "in official detention" within the meaning of § 3585(b). In *United States v. Edwards,* 960 F.2d 278 (2d Cir.1992), the Second Circuit held that a defendant released on bail pending sentence is not "in official detention" and not entitled to sentencing credit under § 3585(b) even if he is "under electronic monitoring and largely restricted to his residence." *Id.* at 283. *See Pinedo v. United States,* 955 F.2d 12, 13–14 (5th Cir.1992) (time spent on bail pending trial was not "in official detention" under § 3585(b)); *United States v. Becak,* 954 F.2d 386, 388 (6th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 2286, 119 L.Ed.2d 211 (1992) (appearance bond requirements that defendant reside at mother's, maintain job and keep curfew did not constitute "official detention" under § 3585(b)); *United States v. Insley,* 927 F.2d 185, 186–87 (4th Cir.1991) (appeal bond's partial restriction of defendant to parent's house was not "official detention"); *United States v. Roman,* 770 F.Supp. at 230–32 (period of presentence release under personal recognizance bond does not entitle defendant to credit under § 3585(b)); *United States v. Rasco,* No. 88 Cr. 817 (CSH), 1991 U.S.Dist. Lexis 10365 at *11 n. 2, 1991 WL 150525 at *4 n. 2 (S.D.N.Y. July 26, 1991) (" 'Official detention' within the meaning of § 3585(b) does

---

1. Although petitioner appears to have failed to exhaust administrative remedies under 28 C.F.R. §§ 542.10–16, *see United States v. Wilson,* — U.S. —, —, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992); *Gonzalez v. Perrill,* 919 F.2d 1, 2 (2d Cir.1990); *United States v. Roman,* 770 F.Supp. 229, 230 n. 1 (S.D.N.Y.1991), in view of the patent invalidity of his claim, we "reach[ ] the merits of his application to avoid further litigation in this matter." *Id.* at 231.

not mean time spent on bail.") *See also Mieles v. United States*, 895 F.2d 887, 888 (2d Cir.1990) (under predecessor to § 3585(b), which referred to "custody" rather than "official detention," "custody ... means physical confinement" and does not include release on bail pending trial); *United States v. Woods*, 888 F.2d 653, 655 (10th Cir.1989).

I therefore respectfully recommend that your Honor dismiss this petition.

Copies of the foregoing report and recommmendation have been mailed this date to:

Mr. Alonzo J. Tinsley

86–50 105th Street

Richmond Hills, NY 11418

Serene K. Nakano, Esq.

Assistant United States Attorney

100 Church Street

New York, NY 10007

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Kimba M. Wood, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Wood. *See* 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983) (per curiam). *See generally* Fed. R.Civ.P. 6(a), 6(e).