**Reynald F. MADHERE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 92–CV–567.**

United States District Court, N.D. New York.

Aug. 19, 1993.

Reynald F. Madhere plaintiff, pro se.

Office of U.S. Atty., Albany, NY, (Donald T. Kinsella, Asst. U.S. Atty.), for respondent.

## MEMORANDUM–DECISION and ORDER

### I. BACKGROUND

McAVOY, Chief Judge.

Petitioner is currently serving a 33 (thirty-three) month sentence for conspiracy to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. § 846 and § 841(a)(1). Petitioner now moves for relief pursuant to 28 U.S.C. § 2255. Petitioner claims that he was denied effective assistance of counsel because his attorney, F. Stanton Ackerman, wrongly advised him to plead guilty and forego a suppression hearing and trial. He also contends that his attorney failed to represent him adequately during sentencing. Specifically, petitioner claims that his counsel failed to show him his pre-sentence report and failed to object to the enhancement of petitioner's offense level by two points during sentencing. Additionally, petitioner claims that pursuant to 18 U.S.C. § 3568, he should receive credit for the time he spent out on bond before he began serving his sentence. Petitioner's Memorandum of Law 05/01/92 at p. 4.

Respondent maintains that petitioner's guilty plea was the product of his own free will, and that his attorney made a prudent tactical decision to advise petitioner to plead guilty rather than to go to trial. Respondent also contends that petitioner stated on the record that he had reviewed the pre-sentence report with his attorney and that he expressed no objections. Respondent further claims that even if petitioner's factual assertions were true, the representation by his attorney was well within the ambit of reasonable legal representation. Finally, respondent maintains that there is no basis under current statutes for petitioners claim that he should receive incarceration credit for time spent out on bail. Respondent's Letter 09/18/93 at p. 1–2.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

■ A petitioner claiming ineffective assistance of counsel must establish (1) that his attorney's performance was objectively unreasonable under "prevailing professional norms" and (2) that, but for this deficient performance, "the result of the proceeding would have been different." *U.S. v. Javino*, 960 F.2d 1137, 1145 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 477, 121 L.Ed.2d 383 (1992) (quoting *Strickland v. Washington*, 466 U.S. 668, 688–94, 104 S.Ct. 2052, 2065–68, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984)). The reasonableness of counsel's performance must be assessed from the perspective of the trial counsel, rather than through the distorted view of hindsight. *Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). Any acts or omissions made by counsel which "might be considered sound trial strategy" do not constitute ineffective assistance. *Javino*, 960 F.2d at 1145 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).

■ Petitioner claims that he was denied effective assistance of counsel because his attorney convinced him to plead guilty and forgo the suppression hearing and trial, and that his counsel failed to represent him adequately during sentencing. Notwithstanding the fact that the record clearly indicates that petitioner voluntarily and knowingly entered a plea of guilty, and that he failed to object to the presentence report, his arguments would fail because he has not met the standard for an ineffective assistance of counsel claim set forth in *Strickland v. Washington*. The court agrees with respondents that petitioner's representation was well within the wide range of professionally competent assistance. The advice that Ackerman gave to petitioner, to plead guilty rather than proceed with the suppression hearing and trial, was objectively reasonable advice under professional norms. As respondent correctly notes, these are the types of decisions that are made every day in criminal cases. Furthermore, even in hindsight, this proved to be a prudent and wise course for petitioner to take, for there is nothing to indicate that petitioner would have achieved a more favorable result at trial; in fact, the outcome may likely have been worse.[1] Petitioner's claim that Ackerman failed to represent him adequately during sentencing also lacks merit. Partly due to the efforts of his attorney, the court departed downward from the recommended sentencing range of 63 to 78 months and imposed a sentence of only 33 months. Petitioner's final claim of ineffective assistance of counsel, that Ackerman failed to show him his pre-sentence report, is wholly unsupported by the record. Petitioner himself stated to the court that he had seen the pre-sentence report and had no objections. Because petitioner has failed to establish that his counsel's representation was objectively unreasonable, the court need not address the second element of the *Strickland* test. Accordingly, petitioner's ineffective assistance of counsel claim must fail.

### B. Credit for Time Out on Bond

■ Petitioner contends that he should receive credit towards his sentence for the time that he spent out on bail pursuant to 18 U.S.C. § 3568. That statute provides, in

---

1. Respondent notes that petitioner's co-defendant, who had the very evidence suppressed which petitioner sought to suppress, was convicted at trial and received a sentence of 188 months. Respondent's Letter 09/18/92 at p. 1.

pertinent part, that a prisoner shall be given credit towards service of his sentence "for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568. It is well settled in the Second Circuit that "custody", for the purposes of § 3568 means physical confinement and does not include time spent on bail pending trial. *Mieles v. U.S.*, 895 F.2d 887, 888 (2d Cir.1990); *see also U.S. v. Edwards*, 960 F.2d 278, 281 (2d Cir.1992). Accordingly, petitioner's motion for credit towards his sentence is denied.

## III. CONCLUSION

For the foregoing reasons, petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.