7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Anthony Ikezau ODIANA, a/k/a Tony Oriama, a/k/a Tarek
Sabagh, a/k/a Anthony Iyere, Defendant-Appellant.
 No. 93-6490.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 14, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CR-92-265-H, CA-93-999-H)
 Anthony Ikezau Odiana, Appellant Pro Se.
 Jefferson McClure Gray, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 VACATED AND REMANDED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Ikezau Odiana filed a 28 U.S.C. § 2255 (1988) motion seeking credit on his sentence for time spent in home detention prior to incarceration.[1] The district court denied the motion finding that time spent in home detention is not "official detention" within the meaning of 18 U.S.C. § 3585 (1988). Because we find that the district court did not have jurisdiction to decide this claim, we vacate and remand with instructions to dismiss the motion.
 
 
 2
 Challenges to the computation of a sentence must be brought in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Because Odiana is not confined in the district where he filed his motion, the district court did not have jurisdiction to adjudicate the claim.[2] In addition, the record is void of evidence demonstrating that Odiana administratively exhausted his claim. See Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985) (administrative exhaustion required prior to filing of § 2241 challenge in district court). Thus, the district court did not reach the merits of the motion for this reason, as well.[3]
 
 
 3
 In conclusion, we vacate the district court's denial of Odiana's motion and remand with instruction to dismiss the petition without prejudice for lack of jurisdiction and failure to exhaust administrative remedies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 Because § 2255 is not applicable to attacks on the execution of a sentence, Odiana's motion will be construed as a 28 U.S.C. § 2241 (1988) claim
 
 
 [2]
 The Attorney General, not the sentencing court, is authorized to compute the amount of presentence credit. United States v. Wilson, 60 U.S.L.W. 4244 (U.S. 1992)
 
 
 [3]
 We note that if we were to reach the merits of Odiana's motion, we would agree with the district court's decision. See United States v. Insley, 927 F.2d 185, 186-87 (4th Cir. 1991)