19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Keith OTT, Defendant-Appellant.
 No. 92-5602.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 28, 1994.
Decided: March 10, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia; Joseph F. Anderson, Jr., District Judge. (CR-92-171-3)
 William T. Toal, Johnson, Toal & Battiste, Columbia, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., Terry L. Wooten, Asst. U.S. Atty., Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Brian Keith Ott pled guilty to bank robbery, in violation of 18 U.S.C.A. Sec. 2113(a) (West Supp.1993). On appeal, Ott's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting three issues but stating that, in his view, there are no meritorious issues for appeal. Ott's attorney has also requested leave to withdraw from representing Ott. Ott was notified of his right to file a supplemental brief raising any additional issues he wished considered, but he has failed to do so. After a thorough review of the parties' briefs and the record, we affirm.
 
 
 2
 Counsel first raises the issue of the voluntariness of Ott's plea. Our review of the record and Ott's statements to the district court during the Fed.R.Crim.P. 11 colloquy reveals that--after being fully informed of the charges against him, the maximum permitted penalties, and the rights he was waiving--Ott freely and voluntarily pled guilty to the bank robbery offense. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir.1981). Any alleged technical variation from the procedures outlined in Rule 11 constituted harmless error, in that they did not affect Ott's substantial rights. Fed.R.Crim.P. 11(h).
 
 
 3
 Counsel next contends, at Ott's behest, that the conviction should be vacated or the sentence reduced because Ott meant no harm to the victim. This issue is not subject to appellate review because Ott's thirty-four month sentence is clearly within both the applicable Guideline range for a defendant with a total offense level of twenty and criminal history category of I, and the twenty-year statutory maximum penalty. 18 U.S.C.A. Sec. 3742 (West 1985 & Supp.1992); United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990).
 
 
 4
 Finally, counsel argues that Ott is entitled to a one-month credit toward the term of imprisonment due to his voluntary participation, while on bond release awaiting sentencing, in a drug and alcohol treatment facility. Notwithstanding possible waiver due to counsel's failure to raise this objection below, we find this third issue is similarly unavailing. United States v. Davis, 954 F.2d 182, 187 (4th Cir.1992). Although commendable, Ott's voluntary admission into a treatment program does not approximate official detention. 18 U.S.C. Sec. 3585(b) (1988); see United States v. Insley, 927 F.2d 185, 186 (4th Cir.1991) ("Conditions of release are not custody."); United States v. Woods, 888 F.2d 653, 655 (10th Cir.1989) (official detention "means imprisonment in a place of confinement"), cert. denied, 494 U.S. 1006 (1990). Moreover, the computation and application of jail credit is the responsibility of the Attorney General, not the sentencing court. United States v. Wilson, 60 U.S.L.W. 4244, 4246 (U.S.1992).
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A. Sec. 3006A (West Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. For that reason, we deny counsel's motion to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED