# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 02-6258

VINCENT EUGENE LINEBERGER,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-11-MU, CA-00-568-3-MU)

Submitted: August 13, 2002

Decided: September 27, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Vincent Eugene Lineberger, Appellant Pro Se. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Vincent Eugene Lineberger appeals from the district court's order denying his motion in which he challenged his sentence as illegal. The district court imposed a sixty-month sentence on June 9, 1998, and allowed Lineberger to self-report "as notified by the United States Marshal." He remained on home confinement with electronic monitoring until October 23, 1998, when he reported to the Bureau of Prisons.

In his motion, Lineberger asserted that the United States Marshal's Service did not have authority to designate the date on which his sentence began. He contends that this is a judicial function, and asserts that his start date for service of his sentence should be deemed June 9, 1998—the date on which the court imposed the sentence. He requested that the time from June 9, 1998, through October 22, 1998, be credited toward his sentence.

Contrary to Lineberger's claim, time spent on home confinement with electronic monitoring does not constitute time served in "official detention" under 18 U.S.C. § 3585(b) (2000). *Randall v. Whelan*, 938 F.2d 522, 524 (4th Cir. 1991); *United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991). Therefore, the district court properly declined to credit Lineberger's sentence with the time between the date the court imposed the sentence and the date he reported for service of the sentence.

We note, however, that Lineberger's sentence was indefinite as to the date by which it was to begin, and therefore was ambiguous. *See United States v. Golden*, 795 F.2d 19, 21 (3d Cir. 1986) (remanding for resentencing where defendant was allowed to self-report "at such time and place when notified by the United States Marshal's Office" and was ordered to report twenty-one months after sentencing). Accordingly, we vacate the district court's order denying Lineberger's motion and remand to the district court with instructions to resentence Lineberger to include a definite date by which he was to report to the United States Marshal for service of his term of imprisonment. *See id.* We deny as unnecessary a certificate of appealability.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*