**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4595**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KEVIN GUNTHARP,

Defendant– Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00149-NCT-1)

Submitted:  March 31, 2011          Decided:  April 4, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Michael A. DeFranco, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Guntharp pled guilty to possession of child pornography. The district court sentenced him to 48 months' imprisonment. On appeal, Guntharp's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the guilty plea was knowing and voluntary and whether the district court abused its discretion by imposing Guntharp's sentence. Guntharp filed a pro se supplemental brief reiterating counsel's arguments and asserting that he should receive credit toward his sentence for time spent on home confinement. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Guntharp's guilty plea. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Guntharp's conviction.

We have reviewed Guntharp's sentence and conclude that it was properly calculated and is reasonable. See Gall v.

_United States_, 552 U.S. 38, 51 (2007); _United States v. Llamas_, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Guntharp, appropriately treated the sentencing guidelines as advisory, properly calculated and considered the applicable guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors in relation to Guntharp's criminal conduct and his individual circumstances. The district court specifically considered the testimony of the expert witnesses that Guntharp could be treated in the community, but questioned Guntharp's motivation to pursue treatment and found that Guntharp had not pursued the treatment plan he initially proposed. The court also emphasized the need to protect the public from such offenses and determined that a term of imprisonment was needed. However, the court did impose a variance sentence of 48 months, down from the 78 to 97 month advisory guidelines range. We conclude that the district court did not abuse its discretion in imposing the downward variance sentence of 48 months. _See_ _Gall_, 552 U.S. at 41; _United States v. Engle_, 592 F.3d 495, 500 (4th Cir.) (holding that "due deference" is given to the district court's decision to impose variance sentence), _cert. denied_, 131 S. Ct. 165 (2010).

Guntharp, in his pro se brief, argues that the court failed to credit the testimony of the expert witnesses as to the

3

propriety of community treatment for Guntharp and he argues that he should receive credit toward his sentence for time spent on home confinement. As addressed above, the court did consider the testimony as to the possibility of allowing Guntharp to obtain community treatment. In reliance on this testimony, the district court allowed Guntharp to remain on home confinement for an extended time prior to service of his sentence. However, upon consideration of all the sentencing factors, the court reasoned that a term of incarceration was warranted for Guntharp's offense. Contrary to Guntharp's claim, his time spent on house arrest with electronic monitoring does not constitute time served in "official detention" under 18 U.S.C. § 3585(b) (2006). See Randall v. Whelan, 938 F.2d 522, 524 (4th Cir. 1991); United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991). Thus, no credit for this time is warranted.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Guntharp's conviction and sentence. This court requires that counsel inform Guntharp, in writing, of the right to petition the Supreme Court of the United States for further review. If Guntharp requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on Guntharp.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED