**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Howard BECAK, Defendant–Appellant.**

No. 90–6324.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 14, 1991.

Decided Jan. 22, 1992.

Joe B. Brown, U.S. Atty., H.H. Hester, Asst. U.S. Atty. (briefed), Nashville, Tenn., U.S.

Howard Becak, pro se.

Robert L. Smith (briefed), Smith & Hirsch, Nashville, Tenn., for defendant-appellant.

Before KENNEDY and JONES, Circuit Judges, and RUBIN, District Judge.*

KENNEDY, Circuit Judge.

Defendant Howard Becak appeals the order of the District Court that denies defendant sentence credit for time spent on pretrial release. For the reasons stated below, we AFFIRM the order of the District Court.

I.

Defendant, along with eighteen co-defendants, was charged by indictment on February 28, 1989 with conspiracy to distribute and possess cocaine with intent to distribute. Defendant was arrested on March 6, 1989 and at a hearing before the magistrate judge on March 7, 1989 was ordered detained until trial.

On March 31, 1989, defendant sought review of the detention order. The District Court released the defendant under the following conditions: 1) execution of a $25,-

---

* The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation.

000 appearance bond; 2) appointment of his mother as third-party custodian; 3) residence at his mother's home; 4) maintenance of his employment from 12:00 noon to 10:30 p.m.; and 5) curfew at his mother's home commencing at the conclusion of his employment until the time for him to report for work the next day. In addition, defendant was required to abide by all usual conditions of release.

On May 30, 1989, defendant entered a plea of guilty to one count of the indictment. Defendant was sentenced to forty-one months in jail.

On July 25, 1990, defendant filed a motion in the District Court for sentence credit of 147 days spent in his mother's house under the conditions of his release. The District Court granted this motion. The United States filed a motion asking the court to reconsider sentence credit. On September 21, 1990, the District Court vacated its earlier order and denied sentence credit for the time defendant spent under house arrest. The District Court held that because defendant was not physically detained, he was not eligible to receive sentence credit.

## II.

■ Title 18 U.S.C. § 3585(b) provides in pertinent part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which a sentence was imposed.[1]

Section 3585 became effective for crimes committed on or after November 1, 1987. Prior to the enactment of section 3585, credit for presentence custodial time was governed by former 18 U.S.C. § 3568. Section 3568 mandated sentence credit for any days spent "in custody." The language "in custody" was replaced by "official deten-

tion" in section 3585. This Court interpreted "in custody" to require physical incarceration. *Marrera v. Edwards*, 812 F.2d 1517 (6th Cir.1987). We have yet to interpret the term "official detention."

Other circuits have held that "official detention" requires "imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *United States v. Woods*, 888 F.2d 653, 655 (10th Cir.1989), *cert. denied*, 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990). The Tenth Circuit held that time spent in a halfway house, although required by the sentencing court as a condition of release, was not a restriction of liberty equivalent to incarceration in a jail facility, and denied sentence credit under section 3585. *Id.* at 656. *See United States v. Zackular*, 945 F.2d 423 (1st Cir.1991) ("confinement to the comfort of one's home is not the functional equivalent of incarceration in either a practical or a psychological sense").

In *United States v. Insley*, 927 F.2d 185 (4th Cir.1991), the Fourth Circuit denied sentence credit to a defendant who was released on appeal bond subject to certain conditions. The defendant was required to seek employment, reside with her parents and leave the residence only to seek employment or travel to work or church, be in her residence by 9:00 p.m., and be electronically monitored under the direction of the United States Probation Office. *Id.* at 186. The court found that the conditions of release to which the defendant was subjected did not rise to the level of physical incarceration and denied sentence credit. *Id.*

We agree with the *Insley* court. We find no reason to depart from our prior precedent that requires physical incarceration to receive credit for presentence detention. There is nothing in the statute itself or the legislative history to indicate that the meaning of the term "official detention" was meant to change the availability of

---

**1.** This Court held in *United States v. Wilson*, 916 F.2d 1115 (6th Cir.1990) that section 3585 grants jurisdiction to the district courts to calculate sentence credit. The Supreme Court has granted certiorari in *Wilson* to determine whether

sentence credit calculation should be made by the district court at the time of sentencing or by the attorney general after the defendant begins to serve his sentence. —— U.S. ——, 112 S.Ct. 48, 116 L.Ed.2d 26 (1991).

sentence credit. S.Rep. No. 225, 98th Cong., 2d Sess. 128–29 *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3311–12.

 Further, a reading of section 3585 in conjunction with 18 U.S.C. §§ 3141 and 3142 leads to the conclusion that "official detention" means incarceration. Section 3141 sets forth the only two alternatives for a defendant awaiting federal criminal prosecution: release or detention. If an order of detention is imposed, a defendant shall be committed to the custody of the Attorney General in a corrections facility. 18 U.S.C. § 3142(i). In contrast, release of a defendant under certain conditions is permissible. These conditions may include that the defendant remain in the custody of a designated person, maintain employment, abide by specific restrictions on his place of abode, and comply with a specified curfew. 18 U.S.C. § 3142(c). Defendant was released on appeal bond under certain restrictive conditions enumerated in section 3142(c). He was not sent to a corrections facility and thus was not detained within the meaning of section 3142.

### III.

We hold that sentence credit shall be granted under section 3585 for "official detention" under conditions equivalent to physical incarceration. We find that defendant's release subject to certain restrictive conditions did not rise to the level of "official detention." Accordingly, the District Court's order that denies defendant sentence credit is AFFIRMED.