**Frankie Jean MODLIN, Petitioner,**

**v.**

**Margaret C. HAMBRICK, Warden, Etc., Respondent.**

**Civ. A. No. 92–005.**

United States District Court, E.D. Kentucky, at Lexington.

June 17, 1992.

Frankie Jean Modlin, pro se.

David L. Bunning, Asst. U.S. Atty., Lexington, Ky., for respondent.

---

## MEMORANDUM OPINION

FORESTER, District Judge.

### I. INTRODUCTION

The court is in receipt of the Report and Recommendation filed by U.S. Magistrate Judge James F. Cook, who considered Petitioner's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and reported that Petitioner was seeking credit for time spent on bond in a halfway house. The magistrate judge recommended dismissal of this petition without prejudice because this court had no jurisdiction to consider Petitioner's claims for relief under 28 U.S.C. § 2241. The magistrate judge reported that the petition filed under § 2241 for an award of sentencing credit under 18 U.S.C. § 3585 must be presented to the sentencing court.

The record reflects that the Respondent has filed objections to the magistrate judge's recommendation that her habeas corpus petition be dismissed on jurisdictional grounds. The Respondent advises that a recent decision by the United States Supreme Court, *United States v. Wilson,* — U.S. —, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), gives this court the authority to consider the merits of the instant habeas petition. Therefore, the Respondent submits that this action should be considered on the merits rather than dismissed for lack of jurisdiction.

In light of Respondent's objections, the court has conducted a *de novo* review of the record.

### II. FACTUAL BACKGROUND

The record reflects that Petitioner was charged with committing the offense of misprision of felony, in violation of 18 U.S.C. § 4. As a result of this charge, Petitioner arrested by the U.S. Marshal in the Eastern District of Arkansas on August 22, 1990. Petitioner was released on her own personal recognizance bond on August 22, 1990. Subsequently, on August 27, 1990, the conditions of Petitioner's release on bond were modified to include residence at St. Francis House, a community corrections center in Little Rock, Arkansas.

Petitioner resided in St. Francis House as a condition of her bond from August 28, 1990 until November 14, 1990. Thereafter, on January 1, 1991, Petitioner was convicted of driving while intoxicated, in specific violation of her bond conditions. Consequently, Petitioner's bond was revoked and she returned to St. Francis House on January 10, 1991.

On March 28, 1991, Petitioner was sentenced by the United States District Court for the Eastern District of Arkansas to a term of twenty-seven (27) months on her conviction for violating 18 U.S.C. § 4. Taking into consideration good-conduct-time, Petitioner has a projected release date of March 12, 1993.

#### A. *Claim presented in habeas petition*

Petitioner submits that the time she resided in the St. Francis House from August 28, 1990 to November 14, 1990 (as a condition of her bond) and from January 10, 1991 to March 28, 1991 (after her bond was revoked) constitutes "official detention" under 18 U.S.C. § 3585 so as to entitle her to credit for 156 days against her sentence.

#### B. *The magistrate judge's report and recommendation*

The magistrate judge did not consider the merits of this petition filed under 28 U.S.C. § 2241 because the magistrate judge concluded that this court had no jurisdiction to consider Petitioner's claim. The magistrate judge reported that Petitioner's claim should be presented to the

sentencing court in a petition filed pursuant to 28 U.S.C. § 2255, which authorizes the filing of a habeas corpus petition in the sentencing court.

Relying on *United States v. Wilson*, 916 F.2d 1115 (6th Cir.1990), *cert. granted*, —— U.S. ——, 112 S.Ct. 48, 116 L.Ed.2d 26 (1991), the magistrate judge concluded that the award of credit for presentencing credit under 18 U.S.C. § 3585 is the sole responsibility of the sentencing court, which in this case was the United States District Court for the Eastern District of Arkansas. Therefore, the magistrate judge determined that this court had no jurisdiction to consider this petition filed under 28 U.S.C. § 2241 that should be filed with the sentencing court under 28 U.S.C. § 2255.

## C. *Respondent's objections*

■ The basis for the Respondent's objections to the magistrate judge's report and recommendation stems from *United States v. Wilson*, —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), which held that it is the Attorney General, rather than the sentencing court, who is charged with the responsibility of determining sentencing credit for the amount of time spent in custody prior to sentencing. Therefore, in view of *United States v. Wilson, supra*, the Respondent contends that this action should not be dismissed without prejudice for lack of jurisdiction and that this court does have jurisdiction to consider Petitioner's claim for credit on her sentence for the time she resided in the St. Francis House.

## D. *Applicable law*

■ The pertinent statute relating to sentencing credit is 18 U.S.C. § 3585(b), which became effective on November 1, 1987 and replaced 18 U.S.C. § 3568. In analyzing Petitioner's claim for credit on her sentence, the court is guided by *United States v. Becak*, 954 F.2d 386 (6th Cir. 1992), which analyzed a claim for credit similar to Petitioner's herein as follows:

Section 3585 became effective for crimes committed on or after November 1, 1987. Prior to the enactment of section 3585, credit for presentence custodial time was governed by former 18 U.S.C. § 3568. Section 3568 mandated sentence credit for any days spent "in custody." The language "in custody" was replaced by "official detention" in section 3585. The Court interpreted "in custody" to require physical incarceration. *Marrera v. Edwards*, 812 F.2d 1517 (6th Cir.1987). We have yet to interpret the term "official detention."

Other circuits have held that "official detention" requires "imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical release." *United States v. Woods*, 888 F.2d 653, 655 (10th Cir.1989), *cert. denied*, 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990). The Tenth Circuit held that time spent in a halfway house, although required by the sentencing court as a condition of release, was not a restriction of liberty equivalent to incarceration in a jail facility, and denied sentence credit under section 3585. *Id.* at 656. *See United States v. Zackular*, 945 F.2d 423 (1st Cir.1991) ("confinement to the comfort of one's home is not the functional equivalent of incarceration in either a practical or a psychological sense").

In *United States v. Insley*, 927 F.2d 185 (4th Cir.1991), the Fourth Circuit denied sentence credit to a defendant who was released on appeal bond subject to certain conditions. The defendant was required to seek employment, reside with her parents and leave the residence only to seek employment or travel to work or church, be in her residence by 9:00 p.m., and be electronically monitored under the direction of the United States Probation Office. *Id.* at 186. The court found that the conditions of release to which the defendant was subjected did not rise to the level of physical incarceration and denied sentence credit. *Id.*

We agree with the *Insley* court. We find no reason to depart from our prior precedent that requires physical incarceration to receive credit for presentence detention. There is nothing in the statute itself or the legislative history to indicate that the meaning of the term

"official detention" was meant to change the availability of sentence credit. S.Rep. No. 225, 98th Cong., 2d Sess. 128–29 *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3311–12.

954 F.2d at 387.

Thus, in *United States v. Becak, supra,* the Sixth Circuit reaffirmed the rule that "sentence credit shall be granted under section 3585 for 'official detention' under conditions equivalent to physical incarceration." 954 F.2d at 388.

### E. *Discussion*

■ It is clear that the facts of the present action are legally indistinguishable from the facts in *United States v. Becak, supra.* In this case, as a condition of Petitioner's release, she was required to reside in the St. Francis House, a halfway house. In *Becak,* the defendant was released under the following conditions: (1) execution of a $25,000 appearance bond, (2) appointment of his mother as third-party custodian, (3) residence at his mother's home, (4) maintenance of his employment from 12:00 noon to 10:30 p.m., and (5) curfew at his mother's home commencing at the conclusion of his employment until the time for him to report for work the next day.

The *Becak* Court held that these conditions of release did not amount to "official detention;" therefore, the defendant was not entitled to credit on his sentence. The holding in *Becak* is applicable to the present action.

### III. CONCLUSION

■ It is clear that physical incarceration prior to sentencing is required before a defendant will be credit on his or her sentence. The case law recognizing this rule is consistent under 18 U.S.C. § 3585 and its predecessor, 18 U.S.C. § 3568. *See Marrera v. Edwards, supra,* and *United States v. Becak, supra.* Due to the fact that Petitioner herein was not physically incarcerated while residing in the St. Francis House, she was not in "official detention." Therefore, she is not entitled to credit of 156 days on her sentence for the time she resided in St. Francis House.

Based on a *de novo* review of this action, in light of *United States v. Wilson, supra,* it is clear that the Attorney General, rather than the sentencing court, is charged with the responsibility of determining when a defendant is entitled to sentencing credits by reason of "official detention" prior to sentencing. The Attorney General acting through the Bureau of Prisons has determined that Petitioner is not entitled to the sentencing credit she seeks because she was not physically incarcerated while living at St. Francis House. This determination is supported by prevailing case law. Accordingly, this habeas petition must be dismissed on the merits.

The Respondent's objections to the magistrate judge's report and recommendation will be sustained in the respect that this action has been decided on the merits rather than dismissed for lack of jurisdiction.

An Order and Judgment in accordance with this Memorandum Opinion will be entered on the same date herewith.

### ORDER AND JUDGMENT

Consistent with the Memorandum Opinion entered on the same date herewith,

IT IS HEREBY ORDERED and ADJUDGED, as follows:

1. Respondent's objections to the magistrate judge's report and Recommendation are SUSTAINED.

2. In view of *United States v. Wilson,* — U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), the court DECLINES TO ADOPT the magistrate judge's recommendation that this action be dismissed for lack of jurisdiction. On the authority of *United States v. Wilson, supra,* the court has jurisdiction to consider the merits of this Petitioner's claim.

3. The Respondent's motion to dismiss this habeas petition on the merits is GRANTED and this action is STRICKEN from the docket.

4. Pursuant to 28 U.S.C. § 1915(a), the court certifies that any *in forma pauperis* appeal taken herein would be in good faith

and that a certificate of probable cause should issue.