1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis A. GLOVER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3269.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: MILBURN, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Dennis Glover appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Glover pleaded guilty to possession of a firearm by a prohibited person. Prior to sentencing, he was placed on bond, the conditions of which required him to attend a drug treatment program and to be under electronic home monitoring. He was sentenced to 18 months in prison. He did not take an appeal from this judgment.
 
 
 3
 Glover then filed a Sec. 2255 motion to vacate sentence in which he requested a reduction in his sentence for the time he spent on electronic home monitoring while out on bond awaiting sentencing. He also requested an additional reduction in the guideline range applicable to his sentence by virtue of the amendment to the United States Sentencing Guidelines (U.S.S.G.) Sec. 3E1.1(b), which became effective November 1, 1992. Specifically, he requested a three level reduction (instead of a two level reduction) of his offense level, representing his acceptance of responsibility. A magistrate judge initially recommended denying the Sec. 2255 motion. Over Glover's objections which failed to address his second claim mentioned above, the district court recommitted the matter to the magistrate judge, who again recommended denying Glover's Sec. 2255 motion. The district court judge adopted the recommendation of the magistrate judge and denied Glover's motion to vacate sentence.
 
 
 4
 On appeal, Glover argues that the district court should have given him sentence credit for the time he spent out on bond; he does not raise his claim regarding the three level reduction in his offense level under the Sentencing Guidelines.
 
 
 5
 Upon review, we conclude that Glover's claim for sentence credit for the time he spent while released on bond is without merit because he was not subject to any restrictions tantamount to "official detention" or which constituted physical incarceration. See United States v. Becak, 954 F.2d 386, 387-88 (6th Cir.), cert. denied, 112 S.Ct. 2286 (1992) (electronic tethering and home detention do not constitute "official detention" under 18 U.S.C. Sec. 3585(b)). Clearly, Glover is not entitled to sentence credit for the time he spent out on bond awaiting sentencing.
 
 
 6
 As for his second claim that he is entitled to a three level reduction of his offense level, he abandoned this claim at the time he filed his objections to the magistrate judge's report and failed to raise this claim in his brief on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Furthermore, appellate review of any issue not contained in the objections to a magistrate judge's report is waived. See Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Thus, Glover has waived appellate review of his second claim concerning the Sentencing Guidelines.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.