41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald CASARES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3331.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Gerald Casares appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Casares pleaded guilty to possessing marijuana for intended distribution within 1,000 feet of a school and using a firearm in connection with a drug crime, violations of 21 U.S.C. Secs. 841(a)(1), 860 and 18 U.S.C. Sec. 924(c). On November 30, 1992, the district court sentenced Casares to an aggregate term of 72 months of imprisonment and three years of supervised release. He did not file a direct appeal.
 
 
 4
 Casares raised 15 claims in his Sec. 2255 motion: (1) the trial court lacked jurisdiction; (2) Congress lacked authority to punish the offenses charged; (3) the sentencing guidelines were not listed in the indictment; (4) he did not carry or use the firearm; (5) the United Nations Charter and the Warsaw Convention were violated; (6) the sentencing guidelines violate the Declaration of Independence; (7) 21 U.S.C. Sec. 841(a)(1) was not legally enacted; (8) he was not afforded the process required by state law; (9) his plea agreement violated the Eighth and Fourteenth Amendments; (10) the trial court violated Fed.R.Crim.P. 11; (11) the trial court violated state jurisdiction; (12) he was entitled to an additional decrease in his offense level for acceptance of responsibility; (13) the United States exceeded its territorial authority; (14) his due process rights were violated by the transfer of sentencing authority to the United States Attorney; and (15) he should have received sentence credit for the time he was electronically monitored while on bond. The district court denied the motion on March 10, 1994. It is from this judgment that Casares now appeals. He also moves for pauper status on appeal.
 
 
 5
 Although Casares repeats most of his claims on appeal, he does not elaborate on any of his arguments or dispute any of the district court's factual findings. Instead, he argues that the district court erred by failing to reach the merits of several of his claims. This alleged error is irrelevant because the denial of a Sec. 2255 motion is reviewed de novo on appeal. See Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 
 6
 To prevail under Sec. 2255, Casares must demonstrate a fundamental defect in the proceedings which resulted in an egregious violation of due process or a complete miscarriage of justice. See id. A Sec. 2255 motion is not a substitute for a direct appeal. Thus, to obtain collateral relief, Casares must show cause that would excuse his failure to raise his claims on direct appeal and actual prejudice from the errors that he now alleges. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The dismissal of Casares's motion was proper because he has not satisfied either part of this test.
 
 
 7
 To establish cause, Casares must show that something external to the defense prevented him from raising his current arguments on direct appeal. Casares alleged only that he could not afford an attorney and had no personal knowledge of the law. However, there is no indication that Casares was indigent or that he sought the appointment of counsel on appeal. In addition, Casares's alleged ignorance of the law does not constitute sufficient cause per se. See Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir.1991) (collecting cases). The failure to make a sufficient showing regarding cause independently precludes review of Casares's claims on the merits. See McCleskey v. Zant, 499 U.S. 467, 502 (1991).
 
 
 8
 Nevertheless, we note that Casares did not suffer actual prejudice from any of the errors that he has alleged. In his first claim, Casares alleged that the trial court lacked jurisdiction because the prosecution had not shown that the offenses charged were committed on federally owned property. However, as noted by the district court, the trial court's jurisdiction under 18 U.S.C. Sec. 3231 is not restricted to federal property. See United States v. Mundt, 29 F.3d 233, 237 (6th Cir.1994).
 
 
 9
 In his second claim, Casares alleged that Congress did not have authority to punish the offenses charged because they were not specifically enumerated in the Constitution. He raised similar arguments in his fifth and seventh claims. These claims all lack merit because Article I, Sec. 8 of the Constitution authorizes Congress to create, define and punish crimes. Id.
 
 
 10
 In his third claim, Casares alleged that the indictment did not describe all of the conduct that was considered under the sentencing guidelines. However, Casares waived any nonjurisdictional challenges to his conviction by entering a valid and unconditional guilty plea. See United States v. Pickett, 941 F.2d 411, 416-17 (6th Cir.1991). Casares's fourth and ninth claims also fail for this reason.
 
 
 11
 In his sixth claim, Casares alleged that mandatory application of the sentencing guidelines violates the Declaration of Independence. However, the sentencing guidelines are normally binding on the district courts. Mistretta v. United States, 488 U.S. 361, 391 (1989). In addition, Casares received the minimum term of incarceration that was required by 18 U.S.C. Sec. 924(c) and 21 U.S.C. Sec. 860. Thus, Casares did not suffer actual prejudice from the errors that were alleged in his third, sixth, twelfth or fourteenth claims. See U.S.S.G. Sec. 5G1.1; United States v. Smith, 966 F.2d 1045, 1050 (6th Cir.1992).
 
 
 12
 In his eighth claim, Casares alleged that he was deprived of undisclosed state due process guarantees because he was prosecuted under federal law. He raised similar arguments in his eleventh and thirteenth claims. These claims are all unavailing as the federal courts have jurisdiction to prosecute federal crimes, even if there is a comparable state law violation. See United States v. Allen, 954 F.2d 1160, 1165-66 (6th Cir.1992).
 
 
 13
 In his tenth claim, Casares alleged that he did not understand the consequences of his plea because the trial court did not explain the application of supervised release. The district court properly held that this omission was harmless error because a term of supervised release was clearly anticipated by the plea agreement. See United States v. Williams, 899 F.2d 1526, 1531 (6th Cir.1990).
 
 
 14
 In his fifteenth claim, Casares alleged that he should have received sentence credit for the time that he was electronically monitored while he was on bond. The district court properly found that he was not entitled to credit for this time because he was not under official detention, within the meaning of 18 U.S.C. Secs. 3141 and 3142. See United States v. Becak, 954 F.2d 386, 387 (6th Cir.), cert. denied, 112 S.Ct. 2286 (1992). Hence, the dismissal of Casares's Sec. 2255 motion was also appropriate because he was not prejudiced by any of the errors that he alleged.
 
 
 15
 In the memorandum that was attached to his motion, Casares also generally alleged that he was deprived of effective assistance of counsel. We will not reach this argument because Casares has abandoned it on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 16
 Accordingly, Casares's motion for pauper status is granted for the limited purpose of filing this appeal, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, U.S. District Judge for the Western District of Michigan, sitting by designation