57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James ALTON, Petitioner-Appellant,
v.
BOGAN, Warden, Respondent-Appellee.
 No. 94-2354.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 James Alton was convicted of possessing with intent to distribute cocaine and possessing a firearm used in connection with drug trafficking. The district court sentenced Alton to 120 months of imprisonment. While Alton awaited trial, the district court released him on bond on the condition that he reside in a halfway house. In his petition for habeas relief, Alton sought credit against his sentence for the time he spent residing in the halfway house. The magistrate judge recommended that the petition be denied. The district court adopted the magistrate judge's report and recommendation over Alton's timely objections.
 
 
 4
 Alton reasserts in his timely appeal that the Bureau of Prisons (BOP) improperly refused to grant him credit for the 45 days he spent in the halfway house as a condition of bond prior to trial.
 
 
 5
 Upon review, we conclude that the district court properly denied the petition because Alton did not exhaust his available administrative remedies within the BOP. The remedy provided under 28 U.S.C. Sec. 2241 is designed to permit a federal prisoner to attack the execution of his sentence by challenging the computation of his parole or sentencing credit. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). Federal prisoners complaining of events or conditions relating to their custody, however, must exhaust their administrative remedies before habeas relief may be granted. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981).
 
 
 6
 An administrative remedy is available to challenge the BOP's sentence computation under 28 C.F.R. Sec. 542.10-542.16 (1988). A complaining prisoner must first submit his complaint to the institutional staff. If the institutional staff is unable to resolve the complaint, the prisoner may proceed by filing a formal request for administrative remedy with the warden of the prison. 28 C.F.R. Sec. 542.13(a) and (b). Thereafter, a prisoner may appeal to the Regional Director and General Counsel in the central office. 28 C.F.R. Sec. 542.15. Alton did not present his complaint for agency review. Thus, he did not exhaust available remedies and his petition was properly denied.
 
 
 7
 The district court's judgment was also appropriate on the merits because time spent in a halfway house as a condition of pretrial release does not constitute official detention under 18 U.S.C. Sec. 3585. Section 3585(b) governs the circumstances under which the BOP can give credit for time served and provides, inter alia, that a defendant shall be given credit toward the service of a term of imprisonment for any time he spent in official detention prior to the date the sentence commences. Official detention as contemplated by the statute means nothing less than actual physical incarceration. United States v. Becak, 954 F.2d 386, 388 (6th Cir.), cert. denied, 112 S.Ct. 2286 (1992). Official detention means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration. See United States v. Woods, 888 F.2d 653, 655 (10th Cir.1989) (no credit given for time spent at a halfway house as a condition of release), cert. denied, 494 U.S. 1006 (1990); but see Koray v. Sizer, 21 F.3d 558 (3d Cir.1994) (time spent in halfway house pursuant to court order may be time in "official detention"), cert. granted, 115 S.Ct. 787 (1995).
 
 
 8
 Accordingly, we grant Alton in forma pauperis status for the sole purpose of this appeal and affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation