**Charles M. TISDALE, Petitioner,**

v.

**Fredrick MENIFEE, Respondent.**

**No. 00 CIV. 2786 RWS.**

United States District Court,
S.D. New York.

April 16, 2001.

Charles M. Tisdale, Federal Correctional Institution Otisville, Otisville, NY, pro se.

Honorable Mary Jo White, United States Attorney for the Southern District of New York, New York (Robert H. Hotz, Jr., Ausa, of Counsel), for Respondent.

## OPINION

SWEET, District Judge.

Pro se petitioner Charles Tisdale ("Tisdale") raised three grounds for relief in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on January 14, 2000. After his petition was dismissed by the Honorable Michael B. Mukasey, Chief Judge, on April 18, 2000, the Second Circuit vacated in part and remanded for consideration of Tisdale's claim that the Bureau of Prisons has not credited him with all the time he has served in federal custody. All other grounds raised were dismissed as frivolous.

Tisdale's action was reassigned to this Court to address in the first instance the question of credit for time served. For the reasons set forth below, the petition will be denied.

*Facts*

On December 14, 1997, Tisdale was arrested by the Atlantic City, New Jersey Police Department for criminal possession, and possession with intent to distribute cocaine. He was released on bail the same day.

On July 10, 1998, Tisdale was again arrested in Atlantic City and charged with cocaine possession and possession with intent to distribute.

Tisdale pled guilty on October 1, 1998, in conjunction with these two arrests, and was sentenced on November 13, 1998 to concurrent terms of time served. He was credited with 128 days of imprisonment.

Meanwhile, on April 9, 1998, Magistrate Judge Eaton of this District issued a complaint and arrest warrant against Tisdale for bank fraud in connection with the unauthorized transactions from a Restricted Withdrawal Account that was administered by the Department of Veterans' Affairs in the name of his uncle, Sam Tisdale. A detainer was lodged against Tisdale on July 10, 1998, when he was rearrested in Atlantic City, and he was transferred into federal custody after being sentenced on his New Jersey state charges on November 13, 1998. An indictment was returned in this District on November 20, 1998 charging Tisdale with bank fraud.

Tisdale pled guilty on March 10, 1999 and was sentenced on June 30, 1999 to an eighteen month term of imprisonment.

Tisdale appealed his sentence to the Second Circuit on April 28, 2000. While his appeal was pending, Tisdale filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241. The Second Circuit affirmed by summary order on October 12, 2000. Chief Judge Mukasey dismissed his habeas petition on April 18, 2000, on the grounds that 28 U.S.C. § 2255, not § 2241, was the appropriate vehicle for raising his claims.

Tisdale completed his federal sentence and was released from custody on October 20, 2000.

The Second Circuit issued a mandate on November 3, 2000 affirming the district court's dismissal in part, and vacating in part and remanding for a determination in the first instance of Tisdale's credit for time served claim.

The government filed a brief in opposition on March 22, 2001, whereupon the petition for a writ of habeas corpus was deemed fully submitted.

## Discussion

### I. *Legal Standard Pursuant to 18 U.S.C. § 2241*

■ Title 18, U.S.Code § 2241 provides that "the writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody under or by color of the authority of the United States." The government argues that Tisdale's cause of action for credit for time served may no longer be heard pursuant to § 2241 because he is no longer in custody. *See Spencer v. Kemna,* 523 U.S. 1, 8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.").

However, the Supreme Court has established that in determining whether a petitioner is "in custody" for the purposes of habeas review, courts should consider whether there are "significant restraints on [the] petitioner's liberty because of his conviction and sentence which are in addition to those imposed by the State upon the public generally." *Jones v. Cunningham,* 371 U.S. 236, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). As the Second Circuit has recognized, for purposes of habeas review, "a petitioner under supervised release may be considered 'in custody' " because supervised release constitutes a constraint that is not imposed on society at large. *Scanio v. United States,* 37 F.3d 858, 860 (2d Cir.1994). Tisdale does still

have approximately three years of supervised release to serve in connection with this conviction, which allows him to pursue his habeas claim notwithstanding his release.

### II. *Credit for Time Served*

■ It is well-established that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody." *United States v. Montez–Gaviria,* 163 F.3d 697, 700–01 (2d Cir.1998); *see also* 18 U.S.C. § 3585(a) (providing that a defendant's sentence begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served"). A defendant who disputes the BOP's calculation may seek judicial review of any jail-time credit determination by filing a habeas corpus petition under § 2241 after exhausting administrative remedies. *See Rogers v. United States,* 180 F.3d 349, 358 (1st Cir.1999); *Arashi v. United States,* No. 94 Civ. 7603(CSH), 1995 WL 358676, *2 (June 14, 1995).

Tisdale argues that he was in federal custody for the purposes of § 3585(b) as of July 10, 1998, when the federal detainer was lodged against him while he was in state custody in New Jersey on the cocaine charge. It is unclear whether the institution of a federal detainer against a prisoner in state custody renders the prisoner subject to federal custody. *See United States v. Montez–Gaviria,* 163 F.3d 697, 700–01 (2d Cir.1998) (reversing district court's holding that defendant's federal sentence had begun on date INS detainer was lodged while defendant was in state custody because BOP, not courts, ascertain federal credit for state time served); *An-*

*drews v. United States*, No. CV 95 4023(RJD), 1996 WL 546272, *4 (E.D.N.Y. Sept. 18, 1996) ("The Second Circuit has not addressed the issue of whether time served in state custody can be credited against a federal sentence . . . ."). *But see Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir.1992) ("A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law.").

In any case, even assuming he was in federal custody once the detainer was lodged, Tisdale's claim must be dismissed because he has already received state credit for the time served under the federal detainer. Title 18, U.S.Code § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*" 18 U.S.C. § 3585(b) (emphasis added); *see also United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' "). The record reflects that Tisdale received 128 days of credit toward his state sentences for the time he spent in state custody before he was sentenced to time served on November 13, 1998. (Hotz Aff. Ex. F.)

Therefore, § 3585(b) precludes Tisdale from receiving "double credit" for that time on both his state and federal sentences, and the petition will be denied and the action dismissed.

█ Tisdale also argues that he was granted bail by New Jersey, and would have been released but for the federal detainer, and is therefore entitled to federal credit for that time served pursuant to *United States v. Gaines*, 449 F.2d 143, 144 (2d Cir.1971) (credit granted under predecessor to § 3585 where defendant was unable to enter federal custody "solely because he lacked sufficient funds to post bond in the state court which held him in custody"). However, even if Tisdale failed to secure his release on bail due to an inability to meet the $15,000 bond secured by 10% in cash, (*see* Pet. Ex. F), the bar on double credit in § 3585(b) still applies. *See, e.g., Arashi*, 1995 WL 358676, at *9.

## Conclusion

For the foregoing reasons, the petition for habeas corpus is denied. The Clerk of Court is directed to dismiss this action.

In addition, pursuant to 28 U.S.C. S 1915(a), the Court certifies that an appeal from this case may not be taken in forma pauperis; such an appeal would be frivolous and cannot be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 920, 8 L.Ed.2d 21 (1962). The Court determines that the petition presents no question of substance for appellate review, and that Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R.App. P. 22(b). Accordingly, a certificate of appealability will not issue.

It is so ordered.