# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOSHUA A. PHENIX**
**United States Army, Appellant**

ARMY 20111108

Headquarters, Joint Readiness Training Center and Fort Polk
Gregory A. Gross, Military Judge
Colonel Keith C. Well, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Jonathan F. Potter, JA; Captain James P. Curtin, JA (on brief); Major Amy E. Nieman, JA; Captain James L. Trieschmann, Jr., JA (on specified issue)

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Daniel M. Goldberg, JA (on brief and specified issue)

24 December 2013

------------------------------
MEMORANDUM OPINION
------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MARTIN, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of attempted larceny, three specifications of conspiracy to commit larceny, making a false official statement, and four specifications of larceny, in violation of Articles 80, 81, 107, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 907, 921 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty-eight months, total forfeitures, and reduction to the grade of E-1. Pursuant to the pretrial agreement, the convening authority approved 365 days confinement and otherwise approved the remainder of the adjudged sentence.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, neither of which merits discussion or relief. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally raised the issue of confinement credit, as well as another issue which does not merit discussion or relief. Thereafter, this court issued an order to both the government and appellant's counsel to brief the specified issues pertaining to confinement credit.[1] After reviewing the record of trial, the original assignments of error, the *Grostefon* matters, and the specified issues, we determined appellant is entitled to relief and take appropriate action in our decretal paragraph.

## BACKGROUND

Between October 2010 and April 2011, appellant engaged in a course of criminal conduct that resulted in both a general court-martial and separate state criminal charges. However, the offenses tried at the court-martial encompassed different conduct than the offenses tried in state court.

At his court-martial, appellant pled guilty to stealing and conspiring to steal All-Terrain Vehicles and winches from vehicles between October 2010 and April 2011. These crimes occurred on the Fort Polk installation. Appellant also attempted to steal insurance proceeds by stripping down and burying his car in a training area on the installation. In support of his claim, appellant made a false official statement to the military police claiming his vehicle had been stolen. In state court, appellant was charged with stealing property, conspiring with others to steal property, and burglarizing dwellings located off of the installation in Sabine and Vernon Parishes in Louisiana. Appellant committed the off-post offenses between 24 January 2011 and 14 April 2011.

On 19 April 2011, appellant was confined by state authorities in the Sabine Parish Jail. On or about 21 April 2011, appellant was transferred to the Vernon Parish Jail. He remained there until on or about 2 August 2011 when he made bail. He was then released to the military authorities and he returned to duties without military confinement. The command preferred charges on appellant on 27 August 2011. Appellant's court-martial was held on 7 December 2011. Appellant raised the issue of confinement credit for the separate state charges in a pretrial motion, and the military judge denied that motion. At the time of the court-martial, appellant had not yet been to trial on the civilian charges in Sabine and Vernon Parish.

---

[1] The specified issues included the following: WHETHER THE MILITARY JUDGE ERRED BY DENYING THE DEFENSE MOTION FOR CONFINEMENT CREDIT FOR THE TIME APPELLANT SERVED IN CIVILIAN CONFINEMENT PRIOR TO HIS COURT-MARTIAL UNDER THE PROVISIONS OF 18 U.S.C. § 3585(b) AS IMPLEMENTED BY DODI 1325.7, DATED 17 JULY 2001 (INCORPORATING CHANGE 1).

## LAW

Prior to our superior court's decision in *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), service members in the military justice system were not automatically entitled to credit for pretrial confinement. *See, e.g.*, *United States v. Larner*, 1 M.J. 371, 374 n.11 (C.M.A. 1976). In *Allen*, the Court of Military Appeals applied a federal pretrial confinement statute to trials by courts-martial when they concluded that the Secretary of Defense adopted the pretrial confinement provisions of 18 U.S.C. § 3568, by promulgating Dep't of Def. Inst. 1325.4, Treatment of Military Prisoners and Administration of Military Corrections Facilities (7 October 1968). The instruction required that the procedures for computing military sentences "will be in conformity with those published by the Department of Justice, which govern the computation of sentences of federal prisoners and military prisoners." *Id.* at 127.

In 1984, Congress repealed 18 U.S.C. § 3568, and enacted a new statute that provides a more comprehensive basis for granting sentencing credit.[2] That statute, codified at 18 U.S.C. § 3585(b), replaced § 3568 and became effective on 1 November 1987.[3] In addition to providing credit for pretrial confinement as a "result of the offense for which the sentence was imposed," Section 3585(b)(2) also provides credit for the pretrial confinement resulting from other, unrelated offenses.[4] While not all pretrial limitations meet the requirements to receive credit for "prior custody," within the meaning of this

---

[2] *See* Major Michael L. Kanabrocki, *Revisiting United States v. Allen: Applying Civilian Pretrial Confinement Credit for Unrelated Offenses Against Court-Martial Sentences to Post-Trial Confinement Under 18 U.S.C. § 3585(b)(2)*, ARMY LAW., August 2008, at 1-4 (providing an overview of administrative sentence credit).

[3] *See* Pub. L. No. 98-473, § 212, 98 Stat. 1837, 2001; *see also* § 235(a)(1), 98 Stat. at 2031, *amended by* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728.

[4] 18 U.S.C. § 3585(b) in its entirety reads:

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

provision, incarceration in a parish jail does constitute "official detention" for purposes of 18 U.S.C. § 3585(b). *See United States v. Dowling*, 962 F.2d 390, 392 n.3 (5th Cir. 1992) (citing *United States v. Becak*, 954 F.2d 386, 388 (6th Cir. 1992)).

At the time of appellant's court-martial, the instruction in effect was Dep't of Def. Inst. 1325.7 Administration of Military Correctional Facilities and Clemency and Parole Authority [hereinafter DODI 1325.7] (17 July 2001).[5] This new authority did not significantly change the instruction noted in *Allen*. *See United States v. Smith*, 56 M.J. 290, 293 (C.A.A.F. 2002) (finding that 18 U.S.C. § 3585(b) applies to courts-martial, but not ruling specifically on the applicability of § 3585(b)(2)). However, after appellant's trial, DODI 1325.7 was cancelled by Dep't of Def. Inst. 1325.07 Administration of Military Correctional Facilities and Clemency and Parole Authority [hereinafter DODI 1325.07] (11 March 2013). The new version expressly makes unrelated crimes credit inapplicable to sentencing at a trial by courts-martial:

> …if a prisoner (accused) is confined in a non-military facility for a charge or offense for which the prisoner had been arrested after the commission of the offense for which the military sentence was imposed, the prisoner (accused) shall receive no credit for such time confined in the non-military facility when calculating his or her sentence adjudged at court-martial.

*Id.* at para. 3(c).

In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court agreed the 18 U.S.C. § 3585 had broadened the effect of its predecessor statute, but held that the Sixth Circuit erred in ruling that the new statute required the district courts to assess sentence credit. 503 U.S. at 335-37. Instead, the Court ruled that the "Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568," even though § 3585(b) "no longer mentions the Attorney General." *Id.* at 335. The Court also highlighted the fact that the final clause of § 3585(b) only allows the defendant to receive credit for confinement "that has not been credited against another sentence." *Id.* at 333 (quoting 18 U.S.C. § 3585(b)); *see Tisdale v. Menifee*, 166 F. Supp. 2d 789, 792 (S.D. NY 2001) (stating that a defendant is not entitled to "double credit" for his state and federal sentences).

In *United States v. Gogue*, this court did not expressly decide whether 18 U.S.C. § 3585(b)(2) applies to trials by courts-martial. ARMY 20050650, 2007 WL 7235107 (Army Ct. Crim. App. 18 May 2007) (en banc). The court reasoned,

---

[5] *See* para. 6.3.1.5 ("Procedures used to compute sentences shall conform to those established by the Department of Justice for Federal prisoners unless they conflict with this Instruction, [Dep't of Def. Dir. 1325.4, Confinement of Military Prisoners and Administration of Military Correctional Programs and Facilities (28 Sep. 1999)], or existing Service regulations.").

assuming *arguendo* that the provision did apply, that trial judges lack the "authority to calculate and apply pretrial confinement credit." *Gogue*, 2007 WL 7235107, at *1 (citing *Wilson*, 503 U.S. at 333). After the Court of Appeals for the Armed Forces granted review, the parties agreed that appellant Gogue was, in fact, entitled to credit for his civilian confinement. Our superior court, in a summary disposition, adopted the position of the parties, set aside the decision of the service court, and remanded the case to provide meaningful relief. *United States v. Gogue*, 67 M.J. 169 (C.A.A.F. 2008) (summ. disp). Since that time, this court, as well as our sister service courts, have consistently awarded credit for the period civilian authorities confined an appellant on unrelated state charges prior to court-martial. *See, e.g. United States v. Goodwin*, ARMY 20080463, 2009 WL 6827248 (Army Ct. Crim. App. 18 Feb. 2009) (summ. disp.); *United States v. Yanger,* 68 M.J. 540 (C.G. Ct. Crim. App. 2009). The appellant has the burden to demonstrate that he is entitled to pretrial confinement credit. *See United States v. Martin*, ARMY 97000900, 1998 WL 35319915, at *2 (Army Ct. Crim. App. 1998) (mem. op.); *see also United States v. Harris*, 66 M.J. 166, 169 (C.A.A.F. 2008).

## DISCUSSION

Appellant committed the offenses for which he was court-martialed between 1 and 18 October 2010, 6-7 January 2011, and 15 April 2011. Appellant committed the off-post offenses in Vernon Parish between 24 January and 3 February 2011 and on 25 March 2011. He committed the offenses in Sabine Parish on 14 April 2011. Appellant was confined in civilian jail from 19 April 2011 – 2 August 2011, serving a total of 106 days in civilian confinement until he made bond. Appellant was court-martialed on 7 December 2011.

The current DODI 1325.07 was not in effect until 11 March 2013. Given that appellant was court-martialed in December 2011, the prior version that provided credit for civilian, pretrial confinement credit was still valid. Appellant met the prerequisites of 18 U.S.C. § 3585(b)(2) in that he was arrested after the commission of the offense for which the court-martial sentence was imposed. Additionally, his incarceration in the parish jail constituted "prior custody" for purposes of the statute.

Following our order on 13 November 2013, appellant provided documentary evidence of his civilian convictions as well as a post-trial declaration made under penalty of perjury. The documents show that on 8 November 2012, appellant was sentenced to one year confinement at hard labor in Sabine Parish. The documentary evidence provides no indication of credit for his confinement. In his declaration, appellant affirmatively states that he never received credit for the time he spent in pretrial confinement from 19-21 April 2011, for a total of three days, in Sabine Parish.

On 12 June 2013, appellant was sentenced by Vernon Parish to three sentences of five years each at hard labor, to run concurrently. The court suspended

the prison sentences and placed the defendant on supervised probation for five years. In his declaration, appellant asserts that while still on parole for his suspended sentence for the convictions from Vernon Parish, he has not received confinement credit for the time spent in pretrial confinement from 21 April – 2 August 2011. However, the Vernon Parish sentencing minutes submitted by appellant in support of his assertion reflect "credit for time served since date of arrest" for each criminal count.

The government asserts that consistent with the Supreme Court's holding in *Wilson*, it would be inappropriate for the trial judge to grant unrelated crimes credit. This argument fails to recognize the inherent differences in sentencing procedures between Federal civilian courts and the military justice system. Indeed, the opinion itself highlighted some areas where the Federal civilian system are distinct from the presentencing practices found in the military. For example, Justice Thomas, writing for the Court, observed that Federal defendants do not always begin their sentences immediately. *Wilson*, 503 U.S. at 333. In contrast, "sentences to confinement in the military generally 'begin to run from the date the sentence is imposed.'" *See* Kanabrocki, *Revisiting United States v. Allen, supra*, at 20 (quoting Article 57(b), UCMJ and arguing that the Army court's holding in *United States v. Gogue* incorrectly relied on *Wilson* to find that 18 U.S.C. 3585(b)(2) did not apply to military courts-martial). Moreover, the drafters noted that "[s]entencing procedures in Federal civilian courts can be followed in courts-martial only to a limited degree." Rule for Courts-Martial [hereinafter R.C.M.] 1001 analysis at A21-70.

We do agree with the government that the military judge did not err by denying the defense motion for confinement credit based on the period appellant served in civilian confinement prior to his court-martial. We reach this conclusion based on relative timing of the convictions, not the position, per se, of the military judge. The decision to apply civilian confinement credit to a sentence at court-martial should be based on whether or not the period of confinement has been credited against another sentence. In this case, appellant was not sentenced for his crimes in Sabine Parish until almost a year after the conclusion of his court-martial, and the Vernon Parish crimes were not adjudicated until another seven months after that. Therefore, the timing of appellant's civilian sentencing and not the military judge's status, position, or duties prevented him from awarding unrelated crimes credit at the time of appellant's court-martial.

Although the timing prevented the military judge from making a determination regarding unrelated crimes credit, this court is able to calculate and award credit. *See* UCMJ art. 66. We find that appellant has met his burden and demonstrated that he is entitled to sentence credit for the time he spent confined by Sabine Parish from 19-21 April 2011 for a total of three days. As for the time spent in confinement for Vernon Parish, appellant provided sentencing minutes that reflect credit for time served. Appellant's declaration does not overcome the documentary evidence from the Vernon Parish court, and we find that appellant failed to meet his

burden that he has not already received credit for the period of confinement from 21 April through 2 August 2011.

## RELIEF

"When . . . an accused was improperly held in confinement past what should have been his release date, this Court may fashion an appropriate and meaningful remedy with respect to the remainder of the sentence." *United States v. Keith*, 36 M.J. 518, 519 (A.C.M.R. 1992) (citing *United States v. Valead*, 32 M.J. 122 (C.M.A. 1991) (other citations omitted). Appellant has served his full sentence to confinement, so in order to fashion meaningful relief, we shall modify some other portion of the sentence. *Id.*

In *United States v. Rosendahl*, 53 M.J. 344 (C.A.A.F. 2000), our superior court noted that R.C.M. 305(k) provides a formula to award administrative credit for pretrial confinement. Under the provisions of R.C.M. 305(k), one day of confinement is equivalent to one day of total forfeitures. *See* R.C.M. 305(k); *see also Rosendahl*, 53 M.J. at 347.

Appellant's approved sentence included total forfeitures. He also forfeited his pay by operation of law while serving his sentence to confinement, pursuant to Article 58b, UCMJ. We will therefore order three days of confinement credit and disapprove the sentence to forfeiture of all pay and allowances so that appellant will receive pay for the three days of unauthorized confinement.

## CONCLUSION

On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are AFFIRMED. Only so much of the sentence as extends to reduction to E-1, confinement for 362 days, and a bad-conduct discharge, is approved.

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

7